Connie SQUIRES, Plaintiff–Appellant,

v.

**DELTA AIR LINES, INC.,**
Defendant–Appellee.

No. 91–9052
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Aug. 5, 1992.

A. Lee Parks, Kirwan, Goger, Chesin & Parks, PC, Atlanta, Ga., for plaintiff-appellant.

William Henry Boice, Kilpatrick & Cody, Mary Elizabeth Raines, Thomas J. Munger, Delta Air Lines, Inc., Atlanta, Ga., for defendant-appellee.

Before HATCHETT and DUBINA, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

This is an appeal from the grant of summary judgment to Delta Air Lines in an action brought by Mrs. Squires under the Age Discrimination in Employment Act for denial of promotion.

Finding that the plaintiff was qualified for the promotion, the trial court determined that Mrs. Squires had failed to make application for or make it known that she was interested in promotion to the position of Buyer and was thus unable to make out a prima facie case of age discrimination.

The parties agree on the legal requirements for proving an age discrimination case and the background facts are undisputed. Delta's Standard Practices Manual Policy 1031.5 entitled "Promotion Procedure" provides that: "Intradepartmental promotions are the responsibility of the department head" and "in each instance, all available sources of information are investigated to insure that every qualified employee is considered and the best qualified is selected." The policy further provides that: "It is not necessary to inform the company of your promotional ambitions as Delta considers this a basic desire of all employees."

A vacancy in the Buyer position occurred in November, 1989. Following its Policy Manual, Delta considered the qualifications of 36 employees. This was reduced to 17 who were interviewed and the list was reduced to five from whom the selection was made. At that time, Fred Phillips, Mrs. Squires' supervisor, asked her if she was interested in the position. Her answer to this question is the subject of dispute between the parties. Delta contends that she merely stated that she was not interested. She contends that she was not interested in the position at that time because of her illness which, very shortly thereafter, caused her to take a 90–day unpaid leave of absence.

Since this dispute is the basis of our decision, we quote it in full as it was stated by the district court:

A Buyer's position opened in November, 1989. According to Fred Phillips (Mrs. Squires' supervisor) it had been over a year since such a position had opened so the purchasing department set in motion the promotion procedure described above. Phillips says he "approached plaintiff and asked her if she was interested in being interviewed and considered for a Buyer position.... [and] she simply told me that she was not interested in being considered. She did not mention that she was ill or state any reason why she was not interested in

being considered.... I was not aware that she had any illness at that time because [plaintiff] told me that she was not interested in being considered.... She was not considered or interviewed." Plaintiff testified to a somewhat contrasting scenario in her deposition:

A. [Phillips] said that so-and-so would be leaving and would I be interested in the job or bidding for the job being interviewed however they put it.

Q. And what did you respond?

A. I said: "I can't." I said: "I am so sick that I am not—shouldn't even be here." And I said: "I can't handle it." And that was the beginning of a long illness that I had."

Q. And during that conversation you told Mr. Phillips you weren't interested because you were sick?

A. Yes. I did. I said: "I can't handle that job right now."

Mrs. Squires took a leave of absence on account of her illness from January 16, 1990 until April 16, 1990. In the meantime, another vacancy in the Buyer position had occurred. Instead of following the Policy plan of interviewing all interested parties, Mr. Phillips considered only the group of four employees who had been in the five who were finalists for the November, 1989 promotion. Because Mrs. Squires was not on the 1989 list of four, she was not interviewed or notified of the April, 1990 vacancy and the position was awarded to a younger woman effective May 15, 1990.

Thus, after Mrs. Squires had returned to work in good health, she was not considered for the position because of a unilateral decision by Delta not to comply with its established procedure to consider all qualified employees. It considered only the four who had been selected for final competition for the vacancy that occurred in November, 1989.

The trial court granted summary judgment to Delta solely on the basis of her failure to make an application for the position. If the factfinder should believe Mrs. Squires' testimony in which she stated that she was unable to be interviewed for the vacancy in November only because of ill-

ness and that she said that this was because she was sick and that she said: "I can't handle that job right now," the Court could then, by drawing all reasonable inferences in her favor conclude that she was an applicant for the position. This, then, clearly left open an issue of credibility. Thus, the grant of summary judgment on this issue was wrong.

The judgment of dismissal is REVERSED and the case is REMANDED for further proceedings.